UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv222-RJC

| DARRYL DAMON LEACH, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **ORDER** |
| ALVIN KELLER, Jr., Supt., | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 3).

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On January 5, 2011, Petitioner pled guilty and was convicted of robbery with a dangerous weapon, first-degree burglary, and second-degree kidnapping. (Doc. No. 1 at 1). On that occasion, the Superior Court of Mecklenburg County sentenced Petitioner to a consolidated term of 95 to 123 months imprisonment. (Id.). Petitioner did not directly appeal either his convictions or sentence, and he did not seek collateral review of his case in the North Carolina Court system. (Id. at 2-5). Rather, Petitioner filed the instant on May 4, 2011[1] arguing that he was wrongfully imprisoned by virtue of the State's unlawful act of denationalization in violation of 18 U.S.C. §§ 241 and 242.[2] (Id. at 5). Petitioner asserts that he is a citizen of the Moorish

---

[1] Petitioner filed this action in the United States District Court for the Middle District of North Carolina. (Doc. No. 1). However, because Petitioner is challenging a sentence that was imposed by the Superior Court of Mecklenburg County, which Court is located within this federal district, his case was transferred to this judicial district. (Doc. No. 2).

[2] A portion of 18 U.S.C. § 241 makes it a crime to "conspire to injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." 18 U.S.C. § 242 makes it unlawful to,

American Nation, but the State wrongfully identified and prosecuted him as an African American; therefore, the State lacked jurisdiction "to try him in his proper person." (Id.).

## II. STANDARD OF REVIEW

Habeas courts are directed to promptly examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Accordingly, the Court has reviewed the instant Petition and determined that its sole claim is unexhausted; therefore, the Petition must be dismissed, without prejudice.

## III. DISCUSSION

As noted above, Petitioner did not directly appeal his case to the North Carolina Court of Appeals. Furthermore, Petitioner did not seek any post-conviction review in a State collateral proceeding. Section 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the Courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1); see also Cullen v. Pinholster, 131 S.Ct. 1388, 1398-99 (2011) (noting Congress' intent that habeas petitioners exhaust their claims in state court before seeking federal

---

"under color of any law, statute, ordinance, regulation, or custom, willfully subject[] any person in any State . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States, or to different punishments, pains or penalties, on account of such person being an alien, or by reason of his color, or race than are prescribed for the punishment of citizens . . . ."

2

habeas review under § 2254). This exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of this requirement, a federal court may consider only those issues which were fairly presented to the state court. See Picard, 404 U.S. at 275-76. Notwithstanding Petitioner's assertion to the contrary, he clearly was required to exhaust his claim in State court before filing the instant federal Petition. Inasmuch as Petitioner's claim was never presented to the State court, it is unexhausted.

Furthermore, Petitioner can return to the State court to exhaust his claim. One of the two ways in which North Carolina allows petitioners to exhaust their claims is through collateral post-conviction proceedings. In particular, a petitioner may exhaust his judicial remedies by presenting his claim to the trial court in a motion for appropriate relief (MAR) and then to the State Court of Appeals in a petition for a writ of certiorari. Cobb v. Lee, 944 F.2d 901 (Table), 1991 WL 179081, at *2 (4th Cir. Sept. 13, 1991). Moreover, a motion for appropriate relief that alleges that the trial court lacked jurisdiction over the person of the defendant may be filed at any time after entry of the judgment of conviction. N.C. Gen. Stat. § 15A-1415(b)(2).

Here, Petitioner specifically claims that his imprisonment is unlawful because the State lacked jurisdiction to prosecute him. Based upon the foregoing, it is clear that Petitioner can return to State court to litigate this claim; therefore, the Court cannot conclude that there is no

State corrective process available to Petitioner, or that there are any circumstances which make that process ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1)(B). Ultimately, Petitioner's failure to exhaust the remedies available in the courts of the state cannot be excused, and his Petition must be dismissed.

## IV. CONCLUSION

Petitioner has failed to exhaust his judicial remedies for claim, and the Court has found no basis for excusing his failure to exhaust the remedies available in the courts of the state. Therefore, the instant Petition must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**, without prejudice, as unexhausted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 2, 2011

Robert J. Conrad, Jr.
Chief United States District Judge